[Hamilton (1st) Circuit Court, May, 1908, and July, 1909.]

Giffen, Smith and Swing, JJ.

SHERMAN R. MILLER, JR., v. AUBURN PRIVATE HOTEL CO.

1. NEGLIGENCE NOT PRESUMED FROM DAMAGE TO APPAREL OF GUEST OF INNKEEPER RESULTING FROM WATER FLOWING FROM TANK.

Negligence by an innkeeper cannot be presumed or inferred from the mere fact that water flowed from a tank or pipe upon the apparel of a guest and damaged it.

Hamilton County.

2. CONTROVERSIAL REMARKS BY COUNSEL REGARDING OFFER TO COMPROMISE WITHDRAWN, NOT PREJUDICIAL.

   Controversial remarks between counsel within hearing of the jury, in regard to an alleged offer by the defendant to compromise the claim sued on, do not constitute such misconduct as would warrant a reversal of the judgment which followed in favor of the plaintiff, where it appears that the statement regarding an offer to compromise was withdrawn and no ruling of the court or admonition of the jury by the court was asked then or thereafter by counsel for the defendant.

ERROR to common pleas court.

The plaintiff filed a petition in the common pleas court, alleging that the defendant is an Ohio corporation, organized for the purpose of conducting the business of an innkeeper, and was on March 12, 1905, and still is operating, the Auburn Private Hotel, in Cincinnati, for the entertainment and accommodation of the general traveling public; that on said date the plaintiff was a guest at the defendant's hotel, and placed his wearing apparel in the care and custody of the said defendant, and that a part of said wearing apparel consisted of a broadcloth overcoat lined throughout with seal fur lining and having a Persian lamb fur collar and cuffs, the said coat being of the value of $1,000; that in the closet of the room to which plaintiff was assigned, and which he occupied on the day in question, there was placed by the defendant a hot water tank connected with the heating apparatus of said building, and that by reason of the defective and improper construction of said heating apparatus and tank, the said tank became out of repair, and leaked and discharged hot water upon plaintiff's coat, spoiling and destroying the fur thereof, to plaintiff's damage in the sum of $400; that the said defective and improper construction was due to the negligence of the defendant company, and was unknown to the plaintiff, and the damage aforesaid was entirely without fault on his part, but due to the negligence of the defendant. Wherefore he prayed judgment in the sum of $400 with interest and costs.

At the trial the court refused to give the following special charges:

"1.  I charge you that if you find from the evidence that

the plaintiff before the accident had seen the tank in his closet in his room, and knew that the tank was connected with the heating apparatus or system, and with that knowledge of the use of the tank put his valuable overcoat in that closet in preference to the other closet, there being another closet in the room, then the plaintiff was guilty of contributory negligence and can not recover in this action, and your verdict should be for the defendant."

"9. I charge you that the mere fact that the hot water flowed from this tank, or from a pipe connected with it, upon plaintiff's coat and damaged it, is not any presumption of negligence by the defendant, nor can negligence be inferred from that fact."

The jury returned a verdict for the plaintiff for $206.91, upon which judgment was rendered and the present error proceedings prosecuted thereto.

*Roettinger & Kinney* and *Dempsey & Nieberding*, for plaintiff in error.

*Charles B. Wilby*, for defendant in error.

**SMITH, J.**

We are of the opinion that special charge No. 1 was properly refused by the trial court.

Special charge No. 9 ought to have been given and being refused the court should have covered it in the general charge. This upon examination we find the court failed to do.

In regard to that portion of the general charge relating to an explosion of the tank and the want of repair of the heating apparatus, we can not say that the same were prejudicial, as the evidence is not before us. These matters are not set up in the pleadings, the ground of negligence complained of being a defective and improper construction of the apparatus in question.

Judgment reversed and new trial granted.

After a second trial, resulting in a verdict against the hotel company, the case was again taken to the circuit court, where the following opinion was rendered:

Hamilton County.

**SMITH, J.**

The only error complained of is that, in the course of the closing argument of attorney for defendant in error, he referred to an offer of compromise having been made by the defendant to the plaintiff before suit was brought, and in that connection the sum of $50 was mentioned by him as the amount which had been offered. Whereupon the attorney for plaintiff in error objected and before the court could make any ruling, some controversial remarks passed between the attorneys in the hearing of the jury, whereupon counsel for plaintiff said that he would withdraw what he had said as to compromise. No ruling of the court or admonition of the court to the jury was asked then or thereafter by either of the attorneys.

It is urged that this was such misconduct on the part of counsel for plaintiff as of itself would necessitate a new trial of the cause.

We have examined the evidence in the record, and are of opinion that the judgment is fully sustained thereby, and the jury in answer to special interrogatory submitted, found that the plaintiff in error "was negligent, inasmuch as it allowed a faultily constructed and badly connected old tank to be placed in the building." This being so, is misconduct of counsel as claimed and disclosed by the record such as would justify the setting aside of the judgment?

We are of the opinion that it is not. We do not think the case comes within the ruling of *Cincinnati Gas & Elec. Co. v. Coffelder*, 31 O. C. C. 26 (11 N. S. 289), or *Dayton Folding Box Co. v. Ruehlman*, 31 O. C. C. 292 (11 N. S. 493).

Under the general and special verdicts we may assume that when counsel withdrew his remarks and did not further persist in making similar statements, that no prejudice resulted to plaintiff in error, and particularly so when as the record shows such withdrawal was made before the court could make any ruling upon the matter, and no exception was taken and no ruling or admonition of the court to the jury was asked by either of the attorneys, from which it would appear from the record that neither the court nor counsel regarded the

Miller v. Hotel Co.

remark as in any way serious or prejudicial to the right of plaintiff in error.

This is the second trial of the case, both trials resulting in a verdict for defendant in error, and as it appears from the record that the jury was not influenced in arriving at its verdict by mis-statements of counsel made in its presence, we think the judgment of the court below should be affirmed.

**Giffen** and **Swing, JJ.,** concur.